**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TIMOTHY RAY MICKLER,

        Plaintiff,         Case Number: 10-10663

v.         DAVID M. LAWSON
        UNITED STATES DISTRICT COURT
COMMISSIONER OF SOCIAL SECURITY,     JUDGE

        Defendant.         VIRGINIA M. MORGAN
        UNITED STATES MAGISTRATE JUDGE
_____/

**REPORT AND RECOMMENDATION: 1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 11) AND 2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 12)**

Plaintiff, Timothy Ray Mickler, through his counsel, appeals the Social Security Commissioner's decision denying him disability insurance benefits. This case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that Plaintiff's motion for summary judgment be **DENIED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**I. Background**

On December 21, 2006, plaintiff filed applications for disability insurance benefits and supplemental security income. (Tr. 84-90). Plaintiff's applications were initially denied because the Commissioner found that plaintiff could perform light unskilled work. (Tr. 40-41). Plaintiff then filed a timely request for a hearing. (Tr. 51-52). On January 29, 2009, Plaintiff's counsel

1

appeared for a hearing before Administrative Law Judge Ayrie Moore. (Tr. 26). Plaintiff did not appear at the hearing because he was working in Indiana. (Tr. 28-29).

At the hearing, Plaintiff's attorney amended Plaintiff's disability claim to a closed period of disability beginning on May 30, 2006 until June 30, 2007, the thirteen months Plaintiff was off of work during which time he had shoulder surgery, physical therapy, and knee replacement surgery. (Tr. 29-30). Plaintiff returned to work at Delphi, without restrictions, on July 1, 2007. (Tr. 30, 34).

The vocational expert testified that Plaintiff's job as a machinist is a skilled, "medium demand position," according to the Dictionary of Occupational Titles. (Tr. 35). The vocational expert opined, in response to a hypothetical the ALJ posed that prescribed light work with postural limit activities occasionally, no ladders, scaffolds or ropes, no overhead reaching with his left arm, only frequent handling and fingering, and only simple tasks on a sustained basis, that Plaintiff would not be able to perform his past work as a machinist. (Tr. 36-37). The vocational expert also opined that Plaintiff could do other light work jobs such as inspector for electrical products, extrusion press operator, and folding machine operator. (Tr. 37-38). With the added limitation of only sedentary work, the vocational expert opined that Plaintiff could perform jobs such as a final assembler, sedentary assembly work, toy stuffer, filling machine operator, and order clerk. (Tr. 39).

ALJ Moore issued a decision on March 31, 2009 affirming the denial of benefits. (Tr. 14-25). ALJ Moore applied the five-step sequential analysis set out in the SSA's regulations to determine whether Plaintiff qualified for benefits. 20 C.F.R. §§ 404.1520(b)-(f); 5416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from May 30, 2006 to June 30, 2007. (Tr. 16). At step two, ALJ Moore found that Plaintiff has the following severe impairments: diabetes, affective disorder, adhesive capsulitis of left shoulder, status post left rotator

2

cuff repair, bilateral carpal tunnel syndrome, osteroarthritis in his right knee, status post total knee replacement as of March 19, 2007, and cervical radiculopathy. (Tr. 16). At step three, the ALJ decided that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17). Also, the ALJ found that Plaintiff had the residual functional capacity to perform light work with the following restrictions: only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and no ladders, ropes or scaffolds, no reaching overhead with his left arm, and only frequent handling and fingering. (Tr. 19). At step four, ALJ Moore concluded that Plaintiff could not perform any past relevant work. (Tr. 23). Lastly, at step five, the ALJ decided that Plaintiff was able to do other work, based on his residual function capacity, age, education, and work experience and, therefore, was not disabled. (Tr. 23-24).

Plaintiff appealed the ALJ's decision but the Appeals Council denied his request for review. (Tr. 1). Thereafter, Plaintiff filed the instant complaint for judicial review of the denial of benefits. (Doc. No. 1). The Honorable David M. Lawson referred the case the case to this court for determination of all non-dispositive motions and issuance of a Report and Recommendation. (Doc. No. 2).

## II. Medical Evidence

Plaintiff fell at work in November 2005, injuring his shoulder. (Tr. 146). After some physical therapy, which was ineffectual, Plaintiff underwent an MRI in March 2006 that revealed that Plaintiff had a torn rotator cuff with acromioclavicular arthritis and impingement. (Tr. 147). Plaintiff's doctor recommended surgery, which was performed on May 31, 2006. (Tr. 143, 147). The surgical repair of his torn rotator cuff was successful. (Tr. 143).

3

Plaintiff received physical therapy after surgery but his shoulder pain did not completely go away. (Tr. 159-160). When the pain did not dissipate with physical therapy, Plaintiff underwent a manipulation and injection procedure in January 2007. (Tr. 263). This procedure resolved Plaintiff's shoulder pain.

Plaintiff also suffers from carpal tunnel syndrome in both of his hands. (Tr. 29). Plaintiff saw a hand specialist in February 2007 and the doctor made treatment recommendations to him. (Tr. 255). There are no medical records indicating that Plaintiff sought further treatment for his carpal tunnel.

In March 2007, Plaintiff had a total knee replacement of his right knee. (Tr. 258). The surgery was successful and Plaintiff returned to work on June 30, 2007. (Tr. 258, 260).

Also, Plaintiff has Type II diabetes and there is some evidence that he has poor control over the condition, particularly when he does not take his medication. (Tr. 253). By February 2007, Plaintiff's diabetes were well-managed with medication. (Tr. 255).

With respect to Plaintiff's mental condition, Plaintiff has suffered from depression. (Tr. 260-261). Dr. Paron noted in March 2007 that Plaintiff's depression was "controlled." (Tr. 260). The agency psychologist who evaluated Plaintiff in March of 2007 noted that Plaintiff had been taking "psych medications" for approximately five years. (Tr. 216). A different agency psychologist found that Plaintiff had a Global Assessment of Functioning score of 55 and diagnosed Plaintiff with pain disorder and moderate major depressive disorder. (Tr. 214).

### **III. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir. 1989); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in *Brainard*, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key*, 109 F.3d at 273.

## IV. Analysis

Plaintiff's first argument is that the ALJ erred as a matter of law by failing to properly evaluate the evidence in accordance with SSR 96-8p. (Doc. No. 11, Pl's MSJ 6). Plaintiff complains that the ALJ did not properly come to a residual functional capacity for him because he could not have worked on a regular and continuing basis from May 2006 to June 2007. *Id.* Plaintiff acknowledges that "the ALJ correctly discusses the medical evidence or record . . ." but contends that Plaintiff's three operative procedures, recovery time, and continued medical management left him completely unable to work a forty hour work week for thirteen months. *Id.*

The Commissioner responds that the ALJ's residual functional capacity finding was reasonable and comported with SSR 96-8p. (Doc. No. 12, Def.'s MSJ 9). The ALJ discussed the

medical evidence in detail and the ALJ's conclusion that Plaintiff could have performed light work during the proposed closed disability period is supported by the record. *Id.* The Commissioner also argues that Plaintiff did not specifically challenge or refute any of the ALJ's findings and, therefore, the ALJ's decision should be affirmed. *Id.* at 11.

Social Security Rule 96-9p sets out the Social Security Administration's policies and policy interpretations regarding the assessment of a claimant's residual functional capacity ("RFC"). SSR 96-8p. The first sentence of the ruling states as follows: "Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." In making an RFC finding, the agency considers:

> [O]nly functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms. Age and body habitus are not factors in assessing RFC. It is incorrect to find that an individual has limitations beyond those caused by his or her medically determinable impairment(s) and any related symptoms, due to such factors as age and natural body build, and the activities the individual was accustomed to doing in his or her previous work.

SSR 96-8p.

The ALJ did not err in making the RFC finding. Plaintiff does not dispute the ALJ's summary of the medical evidence. In addition, Plaintiff has not pointed to any error in the ALJ's factual findings in the decision. These factual findings support the ALJ's RFC finding that Plaintiff could have performed light work, with limitations, during the proposed closed disability period. The ALJ's RFC finding is supported by the evidence in the record. Even if this court were to disagree with the ALJ's finding, which it does not, it would not be able to reverse the ALJ's decision because the evidence supports the conclusion that Plaintiff had the ability to perform light work on a "regular

and continuing basis." SSR 96-8p; *Key*, 109 F.3d at 273. Because there is no factual or legal error in the ALJ's decision, the ALJ's decision should be affirmed.

Plaintiff also argues that the ALJ erred by discussing SSR 00-4p in the decision but failing to raise it to the vocational expert at the hearing. (Doc. No. 11, Pl.'s MSJ 8). According to Plaintiff, "SSR 00-4p in [sic] not something that can be inferred, but it rather must be asked or discussed in trial and on the record." *Id.*

The Commissioner responds that Plaintiff failed to identify any actual or apparent conflicts in the vocational expert's testimony. (Doc. No. 12, Def.'s MSJ 13). The Commissioner argues that SSR 00-4p requires ALJs to ask vocational experts about any possible conflict between the vocational expert's testimony and information provided in the Dictionary of Occupational Titles ("DOT") when there is an apparent unresolved conflict between the two. *Id.* at 13-14. The Commissioner notes that ALJ asked the vocational expert to resolve any conflict and there does not appear to be a conflict between the vocational expert's testimony and the DOT that the ALJ failed to resolve. *Id.* at 14.

Social Security Ruling 00-4p provides the following with respect to resolving conflicts in occupational information:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p.

In accordance with SSR 00-4p, the ALJ is only required to "elicit a reasonable

7

explanation for the conflict" when an apparent conflict arises between vocational expert testimony and the DOT. Plaintiff has not identified any conflict, apparent or real, between the vocational expert's testimony and the DOT. Moreover, the ALJ specifically instructed the vocational expert to alert her if his testimony conflicted with the DOT "in any way." (Tr. 35). The vocational expert did not note any apparent or actual conflicts. No apparent or actual conflict between the vocational expert's testimony and the DOT has been identified. In addition, the ALJ specifically asked to be notified of any such conflict. The ALJ, therefore, fully fulfilled her duty prescribed in SSR 00-4p with regard to resolving conflicts in occupational information. Reversal on this ground is unwarranted.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991).. The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: November 4, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 4, 2010.

s/Jane Johnson  
Case Manager to  
Magistrate Judge Virginia M. Morgan