UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY RAY MICKLER,

                Plaintiff,                              Case Number 10-10663
                                                          Honorable David M. Lawson
v.                                                         Magistrate Judge Virginia M. Morgan

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE COMMISSIONER, AND DISMISSING THE COMPLAINT**

The plaintiff filed the present action on February 16, 2010 seeking review of the Commissioner's decision denying the plaintiff's claim for a closed period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morgan filed a report on November 4, 2010 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the plaintiff's complaint be dismissed. The plaintiff filed timely objections to the recommendation and the defendant filed a response. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto, and has made a *de novo* review of the administrative record

in light of the parties' submissions. The plaintiff objects to the magistrate judge's conclusion that substantial evidence supported the Administrative Law Judge's (ALJ) decision that the plaintiff was capable of performing a restricted range of light work on a regular and continuing basis throughout his period of disability.

The plaintiff, who is now fifty-two years old, filed his application for disability insurance benefits and supplemental security income on December 4, 2006 when he was forty-eight. At the hearing before the ALJ, the plaintiff amended his disability request to a closed period of disability from May 30, 2006 through June 30, 2007. The plaintiff completed high school and attended two years of college, and he was previously employed as a machinist in a factory for approximately 18 years immediately preceding his injury. The record shows that the plaintiff fell at work in November 2005 and injured his shoulder. After physical therapy was unsuccessful, an MRI in March 2006 revealed that the plaintiff had a torn rotator cuff. The plaintiff stopped working on May 30, 2006 and seeks benefits from this date. The record shows that the plaintiff underwent surgery on May 31, 2006, which was successful, and followed up with physical therapy, which did not completely alleviate his pain. In January 2007, the plaintiff underwent a manipulation and injection procedure, which was successful. The record also reflects that the plaintiff suffers from carpal tunnel syndrom in both hands, three bulging discs in his neck between C4-7, diabetes, and depression. In February 2007, the plaintiff saw a hand specialist for his carpal tunnel syndrom and his application details surgeries on his hands that were unsuccessful; however, there is no documentation in the record corroborating these surgeries and they appear to have occurred prior to the events at issue in his applications for benefits. Finally, the plaintiff had a total knee replacement on his right knee in March 2007. Following these procedures and treatments, the

plaintiff returned to work on July 1, 2007. He currently takes Vicodin for his pain, actos and glybuide for his diabetes, envrontine to manage swelling, lexapro for his depression and anxiety, and nabumetone to control headaches. The application also lists glucophage, lipitor, and metformin, without specifying the reason for these medications.

The plaintiff's application for disability insurance benefits was denied initially on March 30, 2007. The plaintiff made a timely request for an administrative hearing and obtained counsel. On January 29, 2009, the plaintiff's attorney appeared before ALJ Ayrie Moore, who was in Chicago, for a hearing via video conference and waived the plaintiff's right to appear. As noted above, plaintiff's counsel amended the benefits request at this hearing to seek only a period of disability for the thirteen months the plaintiff was unable to work surrounding his surgeries. ALJ Moore filed a decision on March 31, 2009, in which she found that the plaintiff was not disabled from May 30, 2006 through the date of the opinion. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ found that the plaintiff had not engaged in substantial gainful activity from May 30, 2006 through June 30, 2007 (step one); the plaintiff's status following his left shoulder surgery and right total knee replacement, in conjunction with his diabetes, affective disorder, bilateral carpel tunnel syndrome, osteoarthritis and cervical radiculopathy was considered a "severe" impairment under the Social Security Act (step two); these impairments did not meet or equal a listing in the regulations (step three); and the plaintiff was unable to perform any past relevant work, which was found to be skilled and required medium exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work with certain restrictions. The ALJ found that the plaintiff could only

occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl; could never climb ladders, ropes, or scaffolds; could not reach overhead with his left arm; and could frequently, but not constantly, handle and finger items. The ALJ also found that the plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently; could stand or walk for 6 hours out of an 8 hour workday; and could sit for about 6 hours in an 8 hour workday. A vocational expert testified that the plaintiff would be able to perform almost the full range of light work, including representative occupations such as inspector, extrusion press operator, and folding machine operator, which exist in significant numbers in the Michigan economy. Based on these finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on December 11, 2009.

The plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990).

Under 42 U.S.C. § 423(d)(1)(A), (2)(A), a person is disabled if he or she is "unable" to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful activity which exists in the national economy."

The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citations and quotation marks omitted). *See also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence exists in the record. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Therefore, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision . . . if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). "The substantial evidence standard is less exacting than the preponderance of evidence

standard." *Ibid*. (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

The plaintiff bases his argument on Social Security Rule 96-8p, which states that the Commissioner assess an individual's ability to perform sustained work on a "regular and continuing basis." To do so, the adjudicator must to take into account the effects of treatment, the frequency and duration of treatment, and the disruption to an individual's routine caused by his or her treatment. The plaintiff's argument is straightforward, if unpersuasive: he says that his combination of impairments requiring three different surgeries, physical therapy, and medication management prevented him from working on a regular and consistent basis during the thirteen-month period for which he claims DIB. He notes that he returned to work following his medical clearance and argues that if he had been able to return sooner, he would have. The plaintiff relies on this argument as support for his position that he could not return to work earlier, even work of the restrictive and light form specified by the ALJ.

The problem with the argument is that it ignores the finding made by the ALJ that although the plaintiff could not perform his previous work during the period, he could perform a range of light work. That finding is supported by evidence from the State Disability Determination Service, on which the ALJ relied, among other evidence. *See* Tr. 18. The plaintiff has not offered any argument why reliance on that evidence amounted to legal error.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied

the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack substance and merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #13] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt #14] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt #11] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #12] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

It is further **ORDERED** that the plaintiff's complaint [dkt. #1] is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 29, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL